UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

PEOPLE OF THE STATE OF CALIFORNIA,

    Plaintiffs,

    v.

MONSTER BEVERAGE CORP.,

    Defendant.
_____/

No. C 13-2500 PJH

**ORDER GRANTING MOTION TO REMAND**

Plaintiffs' motion for remand and defendant's motion to dismiss, stay, or transfer came on for hearing before this court on September 18, 2013. Plaintiffs People of the State of California ("plaintiffs") appeared through their counsel, Aileen McGrath and Jennifer Choi. Defendant Monster Beverage Corp. ("defendant") appeared through its counsel, Dan Marmalefsky and Claudia Vetesi. Having read the papers filed in conjunction with the motions and carefully considered the arguments and the relevant legal authority, and good cause appearing, the court hereby GRANTS plaintiffs' motion to remand as follows.

Plaintiffs argue that remand is proper because their complaint was originally filed in state court and asserts only state law claims. Defendant makes two arguments for federal jurisdiction - first arguing that the Supreme Court's opinion in Grable & Sons Metal Products v. Darue Engineering and Mfg. (545 U.S. 308 (2005)) provides for federal jurisdiction in this case, and also arguing that the "complete preemption" doctrine allows for removal.

Grable allows a federal court to exercise jurisdiction over a state-law claim if (1) the action necessarily raises a federal issue that is (2) disputed and (3) substantial, and if (4) a

federal court may entertain the case without disturbing the congressionally approved balance of federal and state judicial responsibilities. 545 U.S. at 314. The court agrees that the first element of the test is met, as the relevant state law incorporates federal food safety standards. However, the court finds that the Supreme Court's opinion in Merrell Dow Pharmaceuticals v. Thompson directly controls on factor (3), and precludes federal jurisdiction over this case. 478 U.S. 804 (1986). In Merrell Dow, which also involved the assertion of a state law claim predicated on the violation of the federal Food, Drug, and Cosmetics Act ("FDCA") (for which there is no private right of action), the Court held that "the congressional determination that there should be no federal remedy for the violation of this federal statute is tantamount to a congressional conclusion that the presence of a claimed violation of the statute as an element of a state cause of action is insufficiently 'substantial' to confer federal-question jurisdiction." Id. at 814. Although the Grable Court later clarified that "the absence of a federal private right of action" is "relevant to, but not dispositive of" the jurisdictional issue, defendant has provided no reason why the federal issue in this case is more substantial than that in Merrell Dow.[1] Moreover, exercising federal jurisdiction over this case would allow parties to end-run around the FDCA's lack of a private right of action, and would encourage parties to cloak FDCA claims in the guise of state law claims in order to sneak into federal court. This diversion of state court cases into federal court would disturb the "congressionally approved balance of federal and state judicial responsibilities," and would thus run afoul of the Court's holding in Grable. Thus, the court finds that Grable does not provide for federal jurisdiction over this case.

Defendant also argues that the "complete preemption" doctrine allows removal of this case, though this argument was addressed only briefly in defendant's papers and at the hearing. Defendant does not provide any authority holding that the FDCA completely

---

[1] The court further notes that both cases involve allegations of misbranding based on a failure to adequately warn customers of the risks of using the product. See 478 U.S. at 805-06. Thus, the nature of the federal question, as pled, is the same in this case as it was in Merrell Dow.

preempts any state law claims, and the only case that defendant does cite (Perez v. Nidek, 711 F.3d 1109 (9th Cir. 2013)) relates to implied preemption, not to complete preemption. Thus, the court finds that plaintiffs' claims are not completely preempted by the FDCA.

Accordingly, defendant has not identified any basis for federal jurisdiction over this case, and plaintiffs' motion to remand is GRANTED. However, because defendant had an objectively reasonable basis for seeking removal (at least with respect to Grable), the court DENIES plaintiffs' motion for attorneys' fees and costs. Because the court finds that it lacks jurisdiction, it does not reach the merits of defendant's motion to dismiss, stay, or transfer.

The Clerk shall remand this matter to the Superior Court for the City and County of San Francisco.

**IT IS SO ORDERED.**

Dated: September 18, 2013

_____
PHYLLIS J. HAMILTON
United States District Judge

3